54580, 54582. POWELL v. FIRST NATIONAL BANK OF COLUMBUS et al.; and vice versa.

SMITH, Judge.

Powell appeals from the court's entry of judgment against him on appellees' counterclaim. Appellees, the executors of Davidson's estate, cross appeal from the court's rendering of judgment on a note against them. We affirm.

Powell sued on a note, and the executors counterclaimed for breach of contract. Powell and Davidson had entered into a contract, prepared by Powell, which provided, in pertinent part: "This agreement is to be the basis of partnership between E. Y. Davidson and W. K. Powell, Jr. This agreement is to relate to that certain piece of Real Estate designated as follows: 1680 Bluff Apartments[,] Sea Pines Plantation [,] Hilton Head Island, South Carolina. The basis of this venture shall be a 50-50 participation in the ownership of this property and all things related to its operation as rental property. All costs shall be shared equally to include furnishings and equipment necessary to rent this property, any special assessments, improvements, or any other expense that might be incurred in the operation of said property. This property interest shall not be conveyed to any third party without consent of both Powell and Davidson. This property shall not be sold in whole without the consent of the partners. In the event of prolonged illness, death, mental incapacity, bankruptcy, divorce or like matter on the part of one partner, the said property shall be automatically transferred to the other partner at a basis that approximates the partner's 'cash-in' the project." Powell and the executors stipulated as fact that Davidson

and his estate had made payments "for various items directly related to the condominium project . . . including down payment, payments on principal and interest on the mortgage debt covering said property, telephone bills for said property, electric bills for said property, maintenance of said property, regime charges for said property, and furniture for said property. All of said payments were for items reasonable and correct in amount which were proper charges in connection with the ownership, operation and maintenance of said property." A portion of the court's findings of fact and conclusions of law was: "To the extent that the letter agreement is ambiguous, if it is, the Court construes it against the plaintiff; determines that it is a valid and binding contract; and that the 'cash in' the project (which became due and payable on the death of the late Elton Y. Davidson) includes condominium payments, consisting of the down payment and principal and interest payments . . . furniture purchased for the condominium; and ad valorem taxes on the condominium project, totaling $29,719.74." Furthermore, the estate's liability on the note being undisputed, the court entered judgment on the note for Powell. However, the note itself being in the hands of a third-party pledgee, the judgment on the note contained a proviso that "regardless of any other provision contained in this judgment and decree, enforcement of this particular judgment against the Davidson estate is hereby stayed and is subject to the condition that it shall not be enforced against the Davidson estate or its property by any proceeding, including without limitation execution or writ of fieri facias, levy, sale, attachment, garnishment, or any other creditor remedy or procedure, until plaintiff has delivered to the Davidson estate the original promissory note, free and clear of any indorsement, assignment, pledge, encumbrance or claim of ownership other than that of the plaintiff."

1. Contrary to Powell's contentions, the partnership contract was not too indefinite to be enforced. See *Chalkley v. Ward,* 119 Ga. App. 227 (166 SE2d 748) (1969). The argument that interest should not have been included in the court's interpretation of "cash-in" has no merit. Clearly interest on a loan is a discernible amount

which must be paid and necessarily constitutes "cash-in" paid in. We emphasize that we make no ruling on whether the court's interpretation was reasonable in all respects, including factors such as a consideration of depreciation on personalty and realty, for the errors enumerated were limited (1) to claiming the contract was too indefinite to be enforced, and (2) objecting to the inclusion of interest as "cash-in."

2. We find meritless the executors' allegation that the judgment entered on the note subjected them to potential double liability. The express condition placed on enforcement of the judgment averted that potentiality.

*Judgment affirmed on the main appeal and on the cross appeal. Bell, C. J., and McMurray, J., concur.*

ARGUED OCTOBER 3, 1977 — DECIDED FEBRUARY 24, 1978.

*Martin, Kilpatrick & Davidson, Marcus B. Calhoun, Jr., John W. Denney,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs, Kelly, Denney, Pease & Allison, John W. Denney,* for appellees.